NANNIE C. PROVINCE, Respondent, v. THE TRAVELERS INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, June 29, 1908.

1. HEALTH INSURANCE: Temporary Disability: Evidence: Remittitur. The evidence relating to a temporary disability under a health policy is examined and held not to show such disability, and a finding of the jury therefor is ordered remitted.

2. ———: Permanent Disability: Evidence: Physician's Letter. A letter of an insured's physician after his death offered not to contradict his testimony, is held to have been in effect affirmative proof of the condition of the assured, and being mere hearsay was incompetent and properly excluded.

3. ———: ———: Instruction. An instruction set out in the opinion relating to recovery for permanent disability under a health policy is held somewhat indefinite but not to have been misleading.

4. ———: ———: Proof of Loss: Good Faith. The question of the beneficiary's good faith in making proof of loss for temporary disability is held to be a matter for the triers of fact and not for the judges.

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey,* Judge.

AFFIRMED.

*Vinton Pike* for appellant.

(1) The letters excluded should have been received in evidence. Plaintiff asked Dr. Campbell "to put it right before the company," which was full authority to enter into the correspondence in her behalf. The correspondence was a part of the proof offered under the terms of the policy, and plaintiff by her attorney asked defendant to pay on the grounds stated therein. Insurance Co. v. Higginbotham, 5 Otto, 380; Insurance Co. v. Newton, 22 Wall. 32; Keels v. Life Assn., 29 Fed. 200; Insurance Co. v. Melick, 65 Fed. 179; Brickell v. Hulse, 7 Adol. & Ellis, 454; Atkins v. Elwell, 45 N. Y. 753; Lehamn v. LaForge, 42 Fed. 494; Nat. Steam Co. v. Tugman, 143 U. S. 31; Crotty v. Insurance Co., 144 U. S. 626; Walther v. Insurance Co., 65 Cal. 417; M. W. v. Van Wald, 6 Kan. App. 236; Spruill v. Insurance Co., 120 N. Car. 150; 27 S. E. 42; Davey v. Aetna Life, 20 Fed. 482; Insurance Co. v. Hulman, 92 Ill. 145-156; Insurance Co. v. Watson, 23 Mich. 486; Peck v. Ritchey, 66 Mo. 118; Hamilton v. Berry, 74 Mo. 178; Thallhimer v. Brinckerhoff, 6 Cowen (N. Y.) 99, 100; Hopkinton v. Springfield, 12 N. H. 330; McCormick v. Demary, 10 Neb. 515; Blight v. Ashley, 3 Fed. Cas. 701; Beardslee v. Steinmesch, 38 Mo. 168; Martin v. Stribling, 1 Spear (S. C.) 23. (2) The terms of the contract measure the liability of defendant. The wager was $1,000 against $4, that insured would not by incurable paralysis lose the use of a hand and foot and be for one year on account thereof and thereafter during his life, permanently disabled. The petition affirms that meaning of the second clause of the policy, and that element was eliminated by the plaintiff's second instructions. Bishop v. U. S. Cas. Co., 91 N. Y. Supp. 452; Insurance Co. v. Snowdon, 45 Neb. 249; Insurance Co. v. Coos Co., 151 U. S. 463; Hull v. Ac. Assn., 41 Minn. 231; Overbeck v. Insurance Co., 94 Mo. App. 457; Dunning v. Mass. M. Ac. Assn., 49 Atl. 535;

Paper Co. v. F. & C. Co., 43 Atl. 503. (3) Definite time is not required by the instruction. All certainty is taken away. Platt v. Jones, 59 Me. 241; State v. Baker, 34 Me. 53; Knight v. Denman, 90 N. W. 864; Hedges v. Roach, 21 N. W. 406, 16 Neb. 677; Mayor v. Coleman, 20 So. 383; Colter v. Greenabaum, 3 Minn. 126; reprint 74-78; Ala., etc., v. Arnold, 4 So. 364; Tunison v. Cramer, 5 N. J. Law 574; 2 Southard 499; Black Law Dict, "About"; Sime v. Spencer, 47 Pac. 919.

*James W. Boyd* for respondent.

(1) The two letters purporting to have been written by Dr. Campbell to the appellant, that were excluded, are not legal testimony They are hearsay. (2) Instructions numbers 1 and 2, given on behalf of the respondent, are correct. Under the evidence it was for the jury to pass on the facts. Fetter v. Fidelity & Casualty Co., 174 Mo. 256. The jury found, and had to find to return the verdict on the second count, that Daniel H. Province was permanently disabled for more than one year, and to the time of his death. Hence the ambiguity in the permanent disability clause is immaterial.

BROADDUS, P. J.—This is a suit on a health policy issued by the defendant to Daniel H. Province, schoolmaster, on the 7th day of August, 1904, to continue one year. In September, 1905, the insured died, and the plaintiff sues as his widow under an order and judgment of the probate court of Buchanan county the place of residence of the deceased and plaintiff.

The first clause of the policy provides for the payment of ten dollars a week for temporary disability for a period of not less than seven days nor more than twenty-six weeks, during which time the assured shall, independently of all other causes be continuously and

wholly prevented by certain diseases, among which is that of peritonitis, from transacting any and every kind of business pertaining to his said occupation. The second clause of the policy provides for permanent disability; "In a sum equal to one hundred weeks' indemnity for temporary disability as aforesaid, to be paid to him upon satisfactory proof at the company's home office, in Hartford, Connecticut, that he has as the result of diseases contracted during the term of this policy, entirely, and irrecoverably lost the sight of both eyes, or by incurable paralysis permanently and entirely lost the use of both hands or both feet, or of one hand and one foot, and also that he has been for one year, and will on account of either of said conditions, be thereafter, and during his life permanently disabled from engaging in any work or occupation for wages or profit."

The plaintiff alleges that her husband died in the city of St. Joseph on about the 10th day of September, 1905; that on the 1st day of September, 1904, he became from the disease of peritonitis independently of all other causes wholly disabled and prevented from transacting any kind of business pertaining to his said occupation; and that he was from said time continuously disabled and prevented from transacting any kind of business from said cause for more than twenty-six weeks. She asks for judgment for twenty-six weeks temporary disability in the sum of $260. Plaintiff claims also that on said 1st day of September, 1904, the assured, by incurable paralysis entirely lost the use of one hand and one foot and that he continued in that condition for more than one year, and to the day of his death for which she claims the sum of $1,000.

The defendant's answer to the first count after a general denial is: That the terms of the policy were not complied with which provides that no claim should be valid unless immediate written notice be given de-

fendant at its home office, of any disease or sickness for which a claim was to be made . . . unless thereafter proof of duration of disability is furnished defendant within two months from the termination of temporary disability, which it is alleged was never given. The answer to the second count is a general denial; and that it is provided in the policy that preliminary proof of permanent disability under clause two of said policy must be furnished to defendant within fourteen months, and final proof within twenty-four months from the commencement of the disease which caused disability. The answer negatives that such proof was made, but alleges that some time after the 4th day of November, 1905, plaintiff made claim for twenty-six weeks indemnity for temporary disability claiming the deceased in consequence of peritonitis had sustained continuous and total loss of time for transacting any kind of business pertaining to his occupation for which plaintiff claimed indemnity and which when paid would be in full discharge of all claims which she had or might have against defendant on account of the aforesaid disability; and that no other demand or claim was by Daniel Province under said policy, made. The parties do not agree as to the facts as shown by the evidence.

Dr. Campbell a witness for the plaintiff testified; that he first saw the assured some time in December, 1904, and operated on him in January, 1905; and treated him until the spring of that year; that the assured had tubercular peritonitis and also Pott's disease of the spine; that he ascertained that he had peritonitis the latter part of December, 1904; and that he was in a helpless condition and had to be taken care of all the time; that when he first saw him he could not then tell how long he had had peritonitis, but stated that he must have had it approximately for several weeks before that time; that peritonitis is a secondary disease

and always due to a poison of some kind; that it is aseptic; that from the time he saw deceased until his death he had not capacity for business; and that he could not tell how much of his condition was to be attributed to absolute invalidism or how much from paralysis. Finally he stated that if it did effect or deteriorate the spinal cord there would be of course a progressive paralysis which could not be cured.

Mrs. Province testified, that Mr. Province took to his bed she thought about the last week in August, 1904; that he was taken down in a helpless condition from the first or second day thereafter and had to be taken from his bed, when it was necessary for him to be up; that he remained in that condition almost all during his life until he died; that he could not move his feet; that most of the time he couldn't feed himself; that she was with him day and night all the time with the exception of three weeks when he was in the hospital, and she saw him there every few days and found him helpless; that he had no command over his feet most of the time; and that he had scarcely any command of his right hand, but had some use of his left hand. She thought that Dr. Campbell was first called to see the patient some time in January; that for a short while after he returned from the hospital he could walk alone by the use of his crutches; and that he could not stand alone on his crutches. A Mr. Sollars testified that he saw deceased in the latter part of August, 1904, at which time he was helpless; and that he could not use his hands nor his feet. Other witnesses testified for plaintiff and corroborated what has already been stated. There was a judgment for plaintiff on the first count of her petition for $28.02, for temporary disability, and for $1,030.84 on the second count for permanent disability and defendant appealed.

It clearly appears from the testimony that there was no temporary disability shown. From the very be-

ginning to the termination of the assured's life he was afflicted with peritonitis and that it was the controling cause of his death. At no time was it a temporary disability, but a continuing one. The first clause of the policy provides indemnity for temporary disability for the disease of peritonitis for a term of not less than seven days nor more than twenty-six weeks. The physician in attendance stated that when he was first called to see the assured he was wholly disabled by peritonitis and must have been so afflicted for several weeks previous, and that this condition continued down to the time of his death. There was no evidence upon which to submit the case upon temporary disability.

We think however there was evidence tending to show that the assured was wholly disabled within the meaning of clause two of the policy by reason of paralysis from transacting any kind of business from some time in the last week of August, 1904, until the 1st day of September, 1905, a period of twelve months and a few days over. We will not enter into a minute comment on the testimony of Mrs. Province and her physician Dr. Campbell in reference to the time in which the assured first became incapacitated by paralysis. There was an apparent discrepancy in their evidence, but that was a matter for the jury to determine. The inference from the testimony of the doctor is that paralysis may not have set in earlier than November or December while that of Mrs. Province tends to show that it took place much earlier in which she is sustained by Mr. Sollars and others as stated, in August.

The defendant read in evidence a letter of Dr. Campbell's dated October 28, 1905, to Mr. Buckingham the defendant's district agent at St. Joseph as follows: "I wish to write you concerning the late Daniel Province, on whom I performed a surgical operation for tubercular peritonitis, Mach 5, 1905. It seems there is some question as to his obtaining insurance from the

·company which you represent.   Under his policy he is insured against peritonitis, but it does not mention the ·character of the disease.   Peritonitis is always an infective ·disease, and is due to an infection with the tubercular bacilli.   The primary condition was evidently tuberculosis of the body of the last lumbar vertebra. This was the source of infection to the peritoneum, which was the chief cause of his death.   In justice to Mr. Province, this claim should be paid, and without the process of law to collect it.   I sincerely hope that you will see the justness of this claim, and use your best efforts with your company to have it paid in full."

Another letter of Dr. Campbell's to Buckingham ·dated November 21, 1905, and one from the adjuster to Dr. Campbell dated November 25, 1905; and two other letters of Dr. Campbell's of later date to the adjuster were offered in evidence which upon objection of plaintiff the court excluded.   The court at the time asked defendant's attorney if there was anything in the letters which contradicted Dr. Campbell. To which the attorney answered that they did.   The court then asked him on what point.   To which he answered as follows: "That in all the correspondence, not a word is said about his (Province) being permanently disabled by paralysis, and he tells what did ail him; and that was presumed to be all."   It seems from this statement that the purpose was not to contradict Dr. Campbell, but to offer the letters as affirmative proof as to what was the condition of the assured.   It was mere hearsay and not competent for that purpose and properly excluded.

Buckingham testified in behalf of defendant to the ·effect; that he made out the claim of Mrs. Province for indemnity for twenty-six weeks temporary indemnity; that it was read to her and she signed it; and that there was nothing said about any claim for permanent ·disability.   It was shown that defendant refused to al-

low plaintiff's claim for permanent disability before suit was instituted.

It is insisted by the defendant that the court committed error in instruction numbered two given for plaintiff, in construing the permanent disability clause of the policy in holding: "That if the insured was permanently disabled for his lifetime (not exceeding one hundred weeks) whereas the money promised is the gross sum of $1,000, conditioned upon the disability for one year, and the reasonable certainty of its continuing during lifetime." The instruction is as follows:

"2. The court instructs the jury that if they believe from the evidence in this case that on or about the 23d day of July, 1904, the defendant for a valuable consideration executed and delivered to Daniel H. Province its contract and policy of insurance by which it insured him from loss on account of permanent disability in the sum equal to one hundred weeks indemnity at the rate of ten dollars per week; that is to say, in the sum of one thousand dollars to be paid to him upon satisfactory proof that he as the result of disease contracted during the term of this policy entirely and irrecoverably lost by incurable paralysis permanently and entirely the use of one hand and one foot, and also that he was, on account of said condition, during his life and until his death, permanently disabled from engaging in work or any occupation for wages or profit, and that on or about the last week in August, 1904, the said Daniel H. Province, now deceased by incurable paralysis, entirely lost the use of one hand and one foot, and that he continued to remain in said condition thereafter, and during his entire lifetime and up to the time of his death, and that during all of said interval he was permanently disabled from engaging in any work or occupation for wages or profit, and that his said condition continued until his death, and that he died on or about the tenth day of September, 1905,

and that at the time of his death the plaintiff herein was and has been for many years before that time, his wife, and that at his death he left her surviving him as his widow, and that on or about the 20th day of April, 1906, the probate court of Buchanan county, Missouri, upon proper petition, application and evidence heard made an order that no letters of administration be issued on the estate of Daniel H. Province, and that his widow, Nannie Province, be authorized to collect, sue for and retain all the property belonging to his estate in the same manner and with the same effect as if she had been appointed and qualified as the executrix of the estate, then the jury will find for the plaintiff on the second count in the petition, and assess her damages at such sum, not to exceed one thousand dollars, as may compensate for such permanent disability at ten dollars per week, one thousand dollars, with interest thereon at the rate of six per cent per annum from the time this suit was brought, that is, from April 20, 1906."

Although the instruction is not as clear as it ought to have been made we do not think the jury could have been misled in that respect, as it correctly stated the contract and required the jury to find that the assured had been permanently disabled in one hand and in one foot by paralysis from about the last week in August, 1904, to the first day of September, 1905; that he continued in the same condition during his lifetime, and that the jury would assess plaintiff's damages "at a sum not to exceed $1,000, as may compensate her for such permanent disability at ten dollars per week not to exceed $1,000." Under this instruction the jury could not have found in the sum of $1,000, unless they had first found that the assured had been permanently disabled for one year. By no calculation at $10 per week could that sum have been arrived at by the jury. To have so computed the amount there should have been

one hundred weeks, whereas there was only fifty-two. The instruction was somewhat indefinite as to the date of the beginning of permanent disability in the use of the words "about the last day of August, 1904," where the words should have been "from the last week in August," or "for one year." But the jury could not have been misled as they could not have returned a verdict for $1,000 without first having found permanent disability for one year.

The defendant's attorney insists strongly that the evidence when properly considered shows that the claim for permanent disability was an afterthought upon the part of plaintiff and that it never in fact really existed until long after the 1st of September, 1904. Looking at the statements of Dr. Campbell alone the conclusion seems to be justified. But the evidence of Mrs. Province and several other witnesses is to the effect that the assured could not use his hands or feet for a year before his death. It is true the conduct of plaintiff in making out a claim for temporary disability without any demand for permanent disability seems to indicate want of good faith. But her conduct as well as the inconsistency of her evidence with that of her doctor are matters of which we are not made the judges. The cause is reversed and remanded unless plaintiff shall within ten days from the filing thereof enter at remittitur for the sum of $28.02, the amount of the verdict on the first count, upon which it will stand. Affirmed. All concur.